IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-008-D

| | |
|---|---|
| CALVIN TYRONE NORTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COLUMBUS COUNTY BOARD OF ) | |
| ELECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

On January 14, 2019, Calvin Tyrone Norton, proceeding pro se, filed this action challenging the November 8, 2018, election for the office of Sheriff of Columbus County, North Carolina. See Compl. [D.E. 1]. On January 22, 2019, Norton amended his complaint. See Am. Compl. [D.E. 8]. Four defendants answered the complaint [D.E. 40–42, 49], and numerous other defendants filed motions to dismiss [D.E. 37, 90, 91, 92, 101, 106, 112, 116, 125]. On May 3, 2019, Norton filed a new action against substantially the same defendants, an attorney representing several defendants, and another attorney. See Compl., Norton v. Columbus Cty. Bd. of Elections, No. 7:19-CV-88, [D.E. 1] (E.D.N.C. May 3, 2019). On the same date, in this action, Norton filed a notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure [D.E. 121].

A plaintiff may dismiss an action voluntarily, without a court order, by filing a notice of dismissal at any time before the opposing party serves an answer or a motion for summary judgment. See Fed. R. Civ. P. 41(a)(1)(A)(i). Otherwise, an action shall not be dismissed on the plaintiff's request except upon court order on terms that the court considers proper. See Fed. R. Civ. P. 41(a)(2). Because some defendants have answered Norton's complaint, the court construes Norton's notice as a motion for voluntary dismissal under Rule 41(a)(2).

The purpose of Rule 41(a)(2) is to "allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant[s]." Id. A district court should consider "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178–79 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted). "It is well-established that . . . prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation." Davis, 819 F.2d at 1274–75; see Gross v. Spies, 133 F.3d 914, 1998 WL 8006, at *5 (4th Cir. Jan. 13, 1998) (unpublished table decision); Etters v. Young, No. 5:09-CT-3187-D, 2012 WL 1950415, at *1 (E.D.N.C. May 30, 2012) (unpublished).

Although Western Surety Co. ("Western") has objected to Norton's motion for voluntary dismissal, see [D.E. 125] 1, the remaining defendants have not asserted that they would be unfairly prejudiced if the court grants Norton's motion. Indeed, many defendants believe that Norton's notice was self-effecting under Rule 41(a)(1). See Norton v. Columbus Cty. Bd. of Elections, No. 7:19-CV-88, [D.E. 29] 2; [D.E. 55] 2; [D.E. 72] 2; [D.E. 84] 2; [D.E. 97] 2. As for Western's objection, the court has not set the action for trial, and defendants apparently have not engaged in substantial discovery or incurred significant expenses in defending the action. See Andes v. Versant Corp., 788 F.2d 1033, 1036–37 (4th Cir. 1986). Moreover, the prospect of a second lawsuit alone does not prejudice Western, see Davis, 819 F.2d at 1274, and Western does not otherwise identify any prejudice. See [D.E. 125] 1–2. Because dismissal will not cause "substantial prejudice" to any defendant, Andes, 788 F.2d at 1036, the court grants Norton's motion for a voluntary dismissal.

2

In sum, the court GRANTS Norton's motion for a voluntary dismissal [D.E. 121] and DENIES as moot all remaining motions [D.E. 4, 37, 52, 53, 54, 55, 56, 70, 84, 85, 89, 90, 91, 92, 101, 106, 112, 116, 125]. The clerk shall close the case.

SO ORDERED. This 27 day of August 2019.

JAMES C. DEVER III
United States District Judge